**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **LOIS DAVIS,** | * | |
| **Plaintiff,** | * | |
| | * | **Civ. No. MJM-25-3379** |
| **v.** | * | |
| **SHOPPERS FOOD WAREHOUSE CORP.,** | * | |
| **Defendant.** | * | |

* * * * * * * * * *

**MEMORANDUM OPINION**

This matter is before the Court on defendant Shoppers Food Warehouse Corp.'s ("Shoppers" or "Defendant") motion to dismiss the amended complaint filed by plaintiff Lori Davis ("Plaintiff"). *See* ECF No. 10. The motion is fully briefed. No hearing is necessary. *See* Local Rule 105.6 (D. Md. 2025). For reasons explained below, Defendant's motion shall be granted, and the Complaint shall be dismissed without prejudice.

## I. BACKGROUND

### A. Facts

Plaintiff is diagnosed with angioedema, a condition that causes swelling beneath the skin—most commonly affecting the lips and eyelids, but potentially impacting any part of the body. ECF No. 8 (Am. Compl.), ¶¶ 11–12. The condition can be triggered by exposure to certain substances, including food, and reactions may occur rapidly and last from several hours to a few days. *Id.* ¶ 12 (citation omitted). Plaintiff's condition is triggered by seafood. *Id.* ¶¶ 13, 15.

Plaintiff has been employed by Shoppers for more than 20 years. *Id.* ¶ 8. Around 2005 or 2006, Plaintiff informed her supervisor, Front End Manager Priscilla Gray, of her medical condition. *Id.* ¶ 13. In response, Ms. Gray provided Plaintiff with gloves and ensured that she was not required to come into contact with seafood. *Id.*

In February 2024, Shoppers moved Plaintiff to a self-scan monitoring station, where she was in regular contact with seafood. *Id.* ¶ 14. Plaintiff reminded Ms. Gray of her condition and her inability to be near seafood. *Id.* ¶ 15. She also notified a store director and an assistant manager of her disability and requested an accommodation, explaining that exposure to seafood—including its smell or liquids—could trigger swelling. *Id.* Despite these requests, Shoppers continued to assign Plaintiff to the self-scan station. *Id.* ¶ 16. On or about February 22, 2024, Plaintiff came into contact with seafood at the self-scan counter and was subsequently admitted to the emergency room at the United Medical Center in Washington, D.C. for an allergic reaction. *Id.* ¶ 17.

Following her discharge from the hospital, on or about March 4, 2024, Plaintiff provided Shoppers with a physician's note stating that she has "severe angioedema" and cannot handle or be exposed to seafood. *Id.* ¶ 18. Plaintiff and her physician requested, as an accommodation under the Americans with Disabilities Act ("ADA"), that she not be assigned to work involving seafood. *Id.* ¶ 19. Shoppers allegedly refused this request and instructed Plaintiff to return to the self-scan monitoring station. *Id.* ¶ 20.

In March 2024, Plaintiff again experienced an allergic reaction after being exposed to seafood at the self-scan station and was treated at United Medical Center for life-threatening symptoms. *Id.* ¶¶ 21–22. She alleges that she lost wages due to retaliation by Shoppers. *Id.* ¶ 24. Plaintiff continued working at the self-scan station until late March or early April 2024, when she was reassigned to the bakery station. *Id.* ¶¶ 23, 25.

### B. Procedural History

Plaintiff filed a two-count complaint against Shoppers, alleging negligence and retaliation under the ADA. *See* ECF No. 1. After Defendant moved to dismiss the complaint, ECF No. 6, Plaintiff filed an amended complaint that dropped her negligence claim and added a retaliation claim under the Maryland Fair Employment Practices Act ("MFEPA"),[1] ECF No. 8. Defendant then filed a motion to dismiss Plaintiff's amended complaint. ECF No. 10. Plaintiff filed an opposition, ECF No. 11, and Defendant filed a reply, ECF No. 12.

## II. STANDARD OF REVIEW

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure constitutes an assertion that, even if the facts alleged by a plaintiff are true, the complaint fails as a matter of law "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Under Rule 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This rule is to give "fair notice of what the...claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (cleaned up).

To survive a Rule 12(b)(6) motion to dismiss, a complaint must plead enough factual allegations "to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *see also E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint need not include "detailed factual allegations" to satisfy

[1] The header to Count II of the amended complaint states "Retaliation under the Maryland Human Rights Act," which appears to be a reference to the MFEPA. MFEPA is codified in Article 20 of the State Government Article of the Annotated Code of Maryland, titled Human Relations.

Rule 8(a)(2), but it must set forth "enough factual matter (taken as true) to suggest" a cognizable cause of action, "even if . . . [the] actual proof of those facts is improbable, and . . . recovery is very remote and unlikely." *Twombly*, 550 U.S. at 555–56 (internal quotation marks omitted). Furthermore, federal pleading rules "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby*, 574 U.S. 10, 11 (2014) (per curiam). However, "a plaintiff's obligation to provide the grounds of [her] entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (cleaned up). A complaint must contain factual allegations sufficient "to raise a right to relief above the speculative level." *Id.* "[T]ender[ing] 'naked assertion[s]' devoid of 'further factual enhancement'" does not suffice. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557) (third alteration in *Iqbal*).

When considering a motion to dismiss, a court must take the factual allegations as true and draw all reasonable inferences in favor of the plaintiff. *King v. Rubenstein*, 825 F.3d 206, 212 (4th Cir. 2016). At the same time, "a court is not required to accept legal conclusions drawn from the facts." *Retfalvi v. United States*, 930 F.3d 600, 605 (4th Cir. 2019) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "A court decides whether [the pleading] standard is met by separating the legal conclusions from the factual allegations, assuming the truth of only the factual allegations, and then determining whether those allegations allow the court to reasonably infer" the defendant's liability for the alleged wrong and the plaintiff's entitlement to the remedy sought. *A Society Without a Name v. Virginia*, 655 F.3d 342, 346 (4th Cir. 2011), *cert denied*, 566 U.S. 937 (2012).

## III. DISCUSSION

Defendant contends that both of Plaintiff's claims fail because she has not plausibly alleged a retaliatory adverse action. *See* ECF No. 10-1 at 1, 3–6. Specifically, Defendant argues that the

denial of a request for accommodation cannot, by itself, constitute the adverse action necessary to support a retaliation claim, and that wage loss alone likewise does not qualify. *See* ECF No. 12 at 2–4. Plaintiff responds that "wage loss is the adverse action in her complaint" and that "lost wages is always an adverse action." ECF No. 11 at 7. For the reasons explained below, the Court finds that Plaintiff has not adequately alleged an adverse action sufficient to sustain a retaliation claim.

The ADA and the MFEPA each prohibit retaliation against employees who seek the statutes' protections. *See* 42 U.S.C. § 12203(a),(b); Md. Code Ann., State Gov't § 20-606(f); *Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 357 (2013). Specifically, the ADA prohibits retaliation "against any individual because [they] opposed any act or practice" prohibited by the ADA "or participated . . . in an investigation, proceeding, or hearing" brought under the ADA, and it is unlawful "to coerce, intimidate, threaten, or interfere with any individual in the exercise or enjoyment of" rights granted or protected by the ADA. 42 U.S.C. § 12203(a),(b). Similarly, the "MFEPA prohibits an employer from . . . retaliating 'against any of its employees" because that individual has either 'opposed any practice prohibited by [MFEPA]' or 'made a charge testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under [MFEPA].'" *Hanke v. United Parcel Serv., Inc.*, Civ. No. JRR-23-2130, 2024 WL 3554973, at *4 (D. Md. July 26, 2024) (citing Md. Code Ann., State Gov't § 20-606(f)).[2] To present a prima facie case of retaliation, a plaintiff must show that "(1) she has engaged in protected conduct; (2) she suffered an adverse action after engaging in the protected conduct; and (3) there was a causal link

[2] The MFEPA is "modeled after federal law[.]" *Peninsula Reg'l Med. Ctr. v. Adkins*, 137 A.3d 211, 218 (Md. 2016) (citation omitted). "Consistent with prevailing legal authority, the Court will jointly evaluate the analogous ADA and MFEPA . . . claims under the standards applicable to claims under the ADA." *Gagnon v. Bd. of Educ. of Montgomery Cnty.*, Civ. No. TDC-23-2359, 2026 WL 1584459, at *4 (D. Md. June 3, 2026) (citing *Peninsula Reg'l Med. Ctr.*, 137 A.3d at 214, 220, 223–24, and *Taylor v. Giant of Md., LLC*, 33 A.3d 445, 459 (Md. 2011)).

between the protected conduct and the adverse action." *Laird v. Fairfax Cnty.*, 978 F.3d 887, 893 n.4 (4th Cir. 2020) (citing *Laber v. Harvey*, 438 F.3d 404, 432 (4th Cir. 2006)).

Here, Plaintiff fails to plead a plausible adverse action. A plausible retaliation claim requires a "materially adverse" retaliatory action—that is, an action that "well might have dissuaded a reasonable worker from" engaging in protected activity. *Id.* at 893 (citations omitted); *see also Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 57 (2006) (holding that, to support a claim for retaliation under Title VII of the Civil Rights Act of 1964, "the employer's actions must be harmful to the point that they could well dissuade a reasonable worker from making or supporting a charge of discrimination"). Defendant does not dispute that Plaintiff engaged in protected activity by requesting a work reassignment as an accommodation for her medical condition.[3] *See* ECF No. 12 at 1. But the only adverse action plausibly attributed to Shoppers in Plaintiff's amended complaint is its failure or refusal to grant the requested accommodation. The denial of an accommodation, by itself, is not materially adverse.

Courts in the Fourth Circuit, including this District, have consistently held that the denial of an accommodation—standing alone—does not constitute a materially adverse action for purposes of an ADA retaliation claim. *See, e.g.*, *Leckie v. Bd. of Educ. of Montgomery Cnty.*, Civ. No. TDC-23-0299, 2023 WL 8809310, at *7 (D. Md. Dec. 19, 2023) ("[T]he denial of a request for a reasonable accommodation, on its own, cannot constitute a materially adverse action under

---

[3] The ADA requires covered employers to make "reasonable accommodations to the known physical or mental limitations of an otherwise qualified [employee] with a disability . . . , unless such covered entity can demonstrate that the accommodation would impose an undue hardship on the operation of the business of such covered entity[.]" 42 U.S.C. § 12112(b)(5)(A); *see also Holmes v. Gen. Dynamics Mission Sys., Inc.*, 382 F. Supp. 3d 529, 532 (W.D. Va. 2019), *aff'd*, 835 F. App'x 688 (4th Cir. 2020) (quoting *E.E.O.C. v. Fed. Express Corp.*, 513 F.3d 360, 371 (4th Cir. 2008)) ("An employer must 'make reasonable accommodations for an applicant or an employee's disability.'"). Similarly, the MFEPA requires employers "to make a reasonable accommodation for the known disability of an otherwise qualified employee[.]" Md. Code Ann., State Gov't § 20-606(a)(4).

*Burlington Northern* sufficient to sustain a retaliation claim.") (collecting citations); *Johnson v. Maryland Transit Admin.*, Civ. No. CCB-19-2523, 2021 WL 809768, at *5 (D. Md. Mar. 2, 2021) ("'[T]he mere denial of a request for a reasonable accommodation cannot be an adverse employment action giving rise to a separate ADA retaliation claim' lest 'every time an employee was denied a requested accommodation, he would be able to "double dip" by asserting both the ADA failure-to-accommodate and ADA retaliation claims.") (quoting *McClain v. Tenax Corp.*, 304 F. Supp. 3d 1195, 1206–07 (S.D. Ala. 2018)); *Baker v. McGuire Va Veterans Ctr.*, No. 3:24-CV-147–HEH, 2025 WL 2345820, at *3 (E.D. Va. Aug. 13, 2025) ("[D]enial of Plaintiff's accommodation request, even if adverse, cannot, on its own, constitute a materially adverse action sufficient to sustain a retaliation claim."). As these courts have explained, permitting such claims would allow plaintiffs to "double dip" by repackaging failure-to-accommodate claims as retaliation claims. *Johnson*, 2021 WL 809768, at *5. Additionally, as Judge Grimm observed, the denial of a requested accommodation is unlikely to deter protected activity; if anything, it may prompt an employee to pursue a claim. *Wilson v. Montgomery Cnty. Bd. of Trs.*, Civ. No. PWG-17-2784, 2018 WL 4300498, at *9 (D. Md. Sept. 10, 2018).

The same reasoning applies here. The failure or refusal by Shoppers to reassign Plaintiff based on her request to accommodate her medical condition would not dissuade a reasonable employee from requesting accommodations or engaging in any other protected activity. Moreover, permitting Plaintiff's civil action for violations of the ADA and MFEPA's anti-retaliation provisions based on solely on the denial of a reasonable accommodation would provide an avenue to redundant recovery through separate claims for failure to accommodate in violation of 42 U.S.C. § 12112(b)(5)(A) and Md. Code Ann., State Gov't § 20-606(a)(4).

In opposition to Defendant's motion, Plaintiff focuses on her allegation of wage loss to support her contention that Shoppers took an adverse action against her. The Court is not persuaded. To be sure, an employer's decision or action to reduce or eliminate an employee's wages can be materially adverse. *See, e.g.*, *Schrof v. Clean Earth, Inc.*, Civ. No. BPG-22-1533, 2023 WL 3763984, at *7 (D. Md. June 1, 2023) (finding materially adverse action where defendant's decision to reclassify a profitable account assigned to plaintiff "decreased plaintiff's annual compensation by $100,000"). But Plaintiff does not allege that Shoppers made any such decision. Instead, Plaintiff alleges that she "suffered wage loss" during the period that she experienced a medical emergency due to exposure to seafood at work and was hospitalized. Am. Compl. ¶¶ 24, 30, 37. But this loss of wages was not any decision or action by Shoppers. For this reason, Plaintiff's case stands in sharp contrast to the cases cited in her opposition, each of which involved an intentional employer action that entailed a loss of wages. *See Mitchell v. Garland*, Civ. No. 20-3083 (RC), 2022 WL 703906, at *5–6 (D.D.C. Mar. 9, 2022) (finding materially adverse action where employer's removal of plaintiff from his position and designation of the plaintiff as absent-without-leave entailed "lost earnings and earning capacity"); *Hunt v. Constantine Commer. Constr.*, Civ. No. TDC-20-1846, 2023 U.S. Dist. LEXIS 58063, at *35 (D. Md. Mar. 31, 2023) (finding materially adverse action where a "change in policy to bar administrative staff, including [plaintiff], from making up missed work hours by staying late could impact the actual wages received in particular weeks"). As the Supreme Court stated in *Burlington Northern*, Title VII's anti-retaliation provision "covers those (*and only those*) *employer actions* that would have been materially adverse to a reasonable employee or job applicant." 548 U.S. at 57 (emphasis added). The same holds for the anti-retaliation provisions of the ADA and the MFEPA. *See Parker v. Children's Nat'l Med. Ctr., Inc.*, Civ. No. ELH-20-3523, 2021 WL

5840949, at *23 (D. Md. Dec. 9, 2021) ("Courts typically apply the standards for Title VII retaliation claims to ADA retaliation claims.") (citations omitted); *Gagnon*, 2026 WL 1584459, at *4 (analysis ADA and MFEPA claims assessed under same standards). In Plaintiff's case, her loss of wages was not an employer action at all and therefore cannot sustain her ADA and MFEPA retaliation claims.

Because Plaintiff does not allege any materially adverse by her employer, she fails to state a plausible claim for retaliation under the ADA and the MFEPA. Therefore, her amended complaint must be dismissed.

## IV. CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss (ECF No. 10) shall be GRANTED. The amended complaint shall be DISMISSED without prejudice. Its motion to dismiss the initial complaint (ECF No. 6) shall be DENIED as moot. A separate Order shall issue.

August 21, 2026
Date

/S/
Matthew J. Maddox
United States District Judge